IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles F. Gross, Jr., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-778-JJF |
| | : | |
| Rosemary Deberardinis, | : | |
| | : | |
| Defendant. | : | |

---

Charles F. Gross, Jr., <u>Pro</u> <u>Se</u> Plaintiff, Newark, Delaware.

Kent Cprek, Esquire of JENNINGS SIGMOND, P.A., Philadelphia, Pennsylvania.

Timothy J. Snyder, Esquire; Curtis J. Crowther, Esquire; and James L. Higgins, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Millwright & Machinery Erectors Local Union No. 1545 Pension Plan.

---

**MEMORANDUM OPINION**

July 13 , 2010
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is a Notice of Removal Of Pending
State Court Action ("Notice Of Removal") (D.I. 1), as well as a
Motion To Dismiss (D.I. 4) filed by Millwrights & Machinery
Erectors Local Union No. 1545 Pension Plan ("Local 1545 Pension
Plan"). For the reasons to be discussed, the Court concludes,
sua sponte, that this action must be remanded to the Family Court
of the State of Delaware, in and for New Castle County.

**I.   Background**

The underlying state court action pertinent to the present
dispute was a divorce proceeding between Plaintiff Charles F.
Gross, Jr. ("Mr. Gross") and his ex-wife, Rosemary Deberardinis
("Ms. Deberardinis"), Gross v. Deberardinis, Pet. No. 98-16646,
File No. CN98-08236 (Del. Fam. Ct.). On March 9, 2001, Mr. Gross
and Ms. Deberardinis entered into a Stipulated Qualified Domestic
Relations Order for Millwrights and Machinery Erectors Local
Union No. 1545 Pension Plan (the "QDRO"). (D.I. 1, Ex. A.)
Pursuant to the QDRO, Mr. Gross's monthly benefit from the Local
1545 Pension Plan was reduced by an amount equal to half of the
portion of Mr. Gross' benefit that accrued during his marriage to
Ms. Deberardinis. (Id.) Further, the QDRO required that Ms.
Deberardinis' portion of Mr. Gross' benefit be distributed to
her, by the administrator of the Local 1545 Pension Plan, in the
form of a monthly annuity for her lifetime. (Id.) Ms.

1

Deberardinis passed away on March 12, 2009.  (Id.; D.I. 4 ¶ 3.)

On October 8, 2009, Mr. Gross filed a Motion To Vacate Or Revoke QDRO in the underlying divorce proceeding in Family Court. (D.I. 1, Ex. A.)  The Motion states that Ms. Deberardinis had passed away and alleges, in full part, as follows: "[The administrator] says they do not have to refund my payment to me without court order. [The administrator] stop payments without court order and did not explain where [monthly payment] was going.  Please reimburse all payments, back to March 12, 2009." (Id.)  Additionally, a Notice of Motion, citing the case number from the divorce proceedings and listing Local 1545 Pension Plan as Respondent, was sent to GemGroup LP, the Plan administrator. (Id.)

On October 19, 2009, Local 1545 Pension Plan filed a Notice Of Removal pursuant to 28 U.S.C. § 1331.  (D.I. 1.)  By its Notice Of Removal, Local 1545 Pension Plan asserts that although it is not a specifically-named party to the underlying action in Family Court, it is the real-party-in-interest for purposes of Mr. Gross' Motion.  (Id.)  Local 1545 Pension Plan further asserts that this Court has subject matter jurisdiction pursuant to Section 414(p) of the Internal Revenue Code, and Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. (Id. ¶ 4.)  Local 1545 Pension Plan subsequently filed a Motion To Dismiss, contending that Mr.

Gross' Motion is essentially a Complaint bringing an ERISA claim, and that it should be dismissed for failure to exhaust administrative remedies.  (D.I. 4.)

To date, no attorney has entered an appearance on behalf of Mr. Gross, and Mr. Gross has not filed any opposition to either the Notice Of Removal or the Motion To Dismiss.

## II.  **Legal Standard**

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction.  28 U.S.C. § 1441(a).  The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).  A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  The party seeking removal bears the burden to establish federal jurisdiction.  Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987); Zoren v. Genesis Energy, L.P., 195 F. Supp. 2d 598, 602 (D. Del. 2002).

## III. **Discussion**

Pursuant to 28 U.S.C. § 1441(a), if a district court has original jurisdiction over a civil action brought in state court,

3

the action "may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Thus, by its plain language the statute limits the right of removal to the "defendant" or "defendants." Although Local 1545 Pension Plan claims to be the real-party-in-interest, by its own admission it is not a party to the underlying action.

Even assuming Local 1545 Pension Plan is the real-party-in-interest, the Court concludes that it is not a "defendant" within the meaning of § 1441(a), and therefore, is not entitled to remove this action. See 16 James Wm. Moore et al., Moore's Federal Practice 107.11[1][b][ii] (3d ed. 1997)("a non-party, even one that claims to be a real party in interest, may not remove or participate in the removal of a case"). In the case of American Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296 (S.D.N.Y. 1999), American Home Assurance Co. brought suit against RJR Nabisco Holdings Corp. seeking a declaratory judgment that an insurance claim submitted under RJR Nabisco Corp.'s insurance policy was excluded by the policy's terms. Id. at 297-98. Non-party Nabisco, Inc., claiming to be the real-party-in-interest, then noticed removal to the United States District Court for the Southern District of New York. Id. at 298. The Court remanded the case, concluding that Nabisco could

4

not remove the action to federal court, and that "a non-party - even one that, like Nabisco, claims to be a real party in interest - has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal 'by the defendant or defendants.'" Id. at 298-99.

More analogous to the present action is Sheppard v. Sheppard (In re: Notice of Removal), 481 F. Supp. 2d 345 (D.N.J. 2007), in which the underlying state court action was a divorce proceeding where the husband's health insurance carrier was ordered to insure the wife. Id. at 346. The health insurance carrier noticed removal to the United States District Court for the District of New Jersey purporting to be an "additional defendant" to the case, and subsequently filed a motion to dismiss. Id. at 347. The Court remanded the action to state court and concluded that "[t]o interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff." Id. at 348. Other district courts have similarly concluded that a non-party may not remove an action pursuant to 28 U.S.C. § 1441(a). See Juliano v. Citigroup, N.A., 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009)(citations omitted)("In short, a non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446. Where, as here, a non-party purports to remove a

5

state court action to federal court, such removal is 'improvident and without jurisdiction.'"); Adams v. Adminastar Defense Servs., Inc., 901 F. Supp. 78, 79 (D. Conn. 1995)("It is axiomatic that in the usual case removal can be achieved only by a defendant, who is by implication a party to the state-court action."); Conway v. Delgado, C.A. No. 92-0905(JHG), 1992 WL 189428, at *2 (D.D.C. July 21, 1992)(concluding that the parties seeking removal from state court did not have standing to remove a case in which they were not defendants); Kane v. Republica De Cuba, 211 F. Supp. 855, 856-58 (D.P.R. 1962)(remanding action where non-party who attempted removal could have intervened in the action, thus making removal "unimpeachable").

Accordingly, the Court concludes that Local 1545 Pension Plan lacks authority to remove this action pursuant to 28 U.S.C. 1441(a), and remand is warranted.

**IV. Conclusion**

For the reasons discussed, the Court will remand the action to the Family Court of the State of Delaware, in and for New Castle County.  Local 1545 Pension Plan's Motion To Dismiss will be denied as moot.

An appropriate Order will be entered.

6